UNITED STATES BANKRUPTCY COURT

**District of Southern District of Texas**

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 28 2004 AM
MICHAEL N. MILBY, CLERK OF COURT

| | |
|---|---|
| In re: **Carla Jo Baker,** | No. **44278822** |
| | Bk. No. **04-43060** |
| | Chapter: 7 |
| | REAFFIRMATION AGREEMENT |

***NOTICE TO DEBTOR***

**This agreement gives up the protection of your bankruptcy discharge for this debt.**

**As a result of this agreement, the Creditor may be able to take your property or wages if you do not pay the agreed amounts. The Creditor may also act to collect the debt in other ways.**

**You may rescind (cancel) this agreement at any time before the bankruptcy court enters a discharge order or within 60 days after this agreement is filed with the court, whichever is later, by notifying the Creditor at the above address that the agreement is canceled.**

**You are not required to enter into this agreement by any law. It is not required by the Bankruptcy Code, by any other law, or by any contract (except another reaffirmation agreement made in accordance with Bankruptcy Code § 524(c)).**

**You are allowed to pay this debt without signing this agreement. However, if you do not sign this agreement and are later unwilling or unable to pay the full amount, the Creditor**

**will not be able to collect it from you. The Creditor also will not be allowed to take your property to pay the debt unless the creditor has a lien on that property.**

**If the Creditor has a lien on your personal property, you may have a right to redeem the property and eliminate the lien by making a single payment to the creditor equal to the current value of the property, as agreed by the parties or determined by the court.**

**This agreement is not valid or binding unless it is filed with the clerk of the bankruptcy court. If you were not represented by an attorney during the negotiation of this reaffirmation agreement, the agreement cannot be enforced by the Creditor unless (1) you have attended a reaffirmation hearing in the bankruptcy court, and (2) the agreement has been approved by the bankruptcy court. (Court approval is not required if this is a consumer debt secured by a mortgage or other lien on your real estate.)**

## REAFFIRMATION AGREEMENT

This Reaffirmation Agreement ("Agreement") is entered into by and between Creditor and **Carla Jo Baker** ("Debtor"), with reference to the following facts:

1. Debtor is a debtor under Chapter 7 of the Bankruptcy Code.

2. Creditor is American Honda Finance Corporation, located at PO Box 166469, Irving, TX 75016.

   Before filing this Chapter 7 Bankruptcy proceeding, Debtor entered into a Retail Installment Contract dated **May 15, 2004** (the "Contract") for the purchase of a motor vehicle: **2004 Honda Civic** (the "Property"), and agreed to make the payments set forth in the Contract to Creditor. A copy of the Contract is attached hereto as Exhibit "A."

3. In connection with the Contract, the Debtor granted a security interest in the Property to the Creditor to secure the Debtor's payment and performance of all obligations under the Contract.
   Check the applicable box:

   ☐ **For motor vehicle:** Creditor is shown as the first lien holder on the Certificate of Title, a copy of which is attached hereto as Exhibit "B." As evidenced by the current edition of the NADA book, the current retail value of vehicles similar to the Property is $ 17,631.59. A copy of the applicable pages from the NADA book is attached hereto as Exhibit "C." *NADA value not available*

☐ **For non-motor vehicles:** Under Section 9039 of the Uniform Commercial Code, Creditor holds a perfected purchase money security interest in the Property. According to , the current fair market value of the property is .

4. Debtor filed its Chapter 7 petition on **September 9, 2004** ("the Petition Date").

5. As of the Petition Date, the total outstanding balance under the Contract was **$17,938.91**. Payments on this debt **were not** in default as of the Petition Date.

6. As of the date of this Agreement, the total outstanding balance due under the Contract ("Outstanding Balance") is **$17,631.59**, consisting of:

| | | |
|---|---|---|
| Principal Balance | = | $17,621.81 |
| Accrued and unpaid finance charges | + | 9.78 |
| Late Fees | + | |
| Attorneys' Fees | + | |
| Collection Costs | + | |
| Other: | | |
| TOTAL BALANCE DUE | = | $17,631.59 |

7. Finance charges continue to accrue on the Principal Balance at an Annual Percentage Rate ("APR") of **2.9%**.

8. Under this Reaffirmation Agreement, the Debtor agrees to reaffirm the debt in the amount of **$17,631.59** (the "Reaffirmed Debt").

9. This Agreement differs from the Contract as follows:

10. Debtor desires to reaffirm the obligation owed to Creditor under the Contract because Debtor wishes to remain in possession of the Property, which is security for the obligation.

11. Debtor agrees that any and all remedies available to the Creditor under the Contract remain available.

12. The performance of this Agreement will not impose any hardship on Debtor or on any dependent of Debtor, and is in the best interests of Debtor.

13. Debtor understands and acknowledges that:

(a) There is no legal obligation to enter into this Agreement;

(b) This Agreement may be rescinded at any time prior to discharge or within sixty (60) days after this Agreement is filed with the Court, whichever is later, by giving notice of rescission to Creditor at the above address;

(c) If Debtor does not rescind the reaffirmation of the Obligation as set forth above, Debtor will be legally obligated to comply with all terms of this Agreement, whether or not the Obligation represented thereby might otherwise have been discharged; and

(d) If Debtor does not rescind the reaffirmation of debt in this Agreement and then defaults under this Agreement, Creditor may enforce the Contract and may use all legally available remedies to do so.

I have read and understood the foregoing statements.

Carla J. Baker

[Debtor signature]

______________________________

[Debtor signature]

**AGREEMENT**

NOW, THEREFORE, Debtor and Creditor agree as follows:

1. Debtor hereby reaffirms and agrees to be bound by all of the terms and conditions of the Contract.

2. Debtor reaffirms the obligation due Creditor on the Contract in the amount of **$17,631.59** (the "Reaffirmed Debt"). Debtor hereby agrees to pay to Creditor the Reaffirmed Debt, together with Finance Charges at the Annual Percentage Rate of **2.9%**, in **56** monthly payments, each in the amount of **$337.00**, commencing on **October 29, 2004** and continuing on the same day of each month thereafter until all amounts due under this Agreement are paid in full. The total amount to be paid to Creditor under this Agreement, if all payments are made as scheduled, shall be **$18,872.00**.

3. Upon delivery and receipt of all payments required under this Agreement, Creditor shall release its lien on the Property within **10** days. Should Debtor rescind the reaffirmation of debt herein pursuant to the terms of the Bankruptcy Code, all payments made by Debtor under this Agreement to that time are agreed to constitute fair and reasonable compensation for the use of the Property and further to constitute adequate protection, as that term is used in Bankruptcy Code § 362(d)(1), for the continued use of the Property up to the date of the rescission.

4. Except as modified above, the Contract continues to be binding, controlling and in full force and effect between the parties, and the signing of this Agreement does not alter the rights and duties of the parties under the Contract in the event of Debtor's default.

5. This Agreement shall be construed as severable insofar as should Debtor rescind the reaffirmation of debt herein pursuant to applicable bankruptcy law or the reaffirmation is disallowed for any reason, the provisions contained in paragraph 4 hereof shall be binding and enforceable of their own accord and any security interest granted in the underlying Contract shall continue.

6. By entering into this Reaffirmation Agreement, Creditor does not commit to any future extension of credit.

7. The Bankruptcy Court in Debtor's pending Chapter 7 case shall have and retain jurisdiction over the parties to, and the subject of, this Agreement for purposes of its interpretation and enforcement until such time as the Debtor no longer has the power under the bankruptcy law to rescind the reaffirmation of debt.

***Notice: You are not required to enter into this Agreement. Sign this Agreement only if you intend to remain legally responsible for a debt, which would otherwise be discharged in this bankruptcy proceeding.***

Dated: ____________________, __________

"Debtor"

(Signature) Carla Baker

(Printed name) CARLA BAKER

(Signature)______________________________

(Printed name)______________________________

Dated: **September 30, 2004**

"Creditor"

BY: Kim Hall

Its: Bankruptcy Specialist

**ORDER**

Check the applicable box:

☐ The Court grants the Debtor's motion and approves the voluntary agreement upon the terms specified above.

☐ The Reaffirmation Agreement between the Debtor and American Honda Finance Corporation dated _______________, _______, having come before this Court and the requirements of Section 524 of the United States Bankruptcy Code having been satisfied, IT IS ORDERED that the above Reaffirmation Agreement is hereby approved.

Dated: ______________________

________________________________________

United States Bankruptcy Judge

DECLARATION OF ATTORNEY

I, **Weston Cotten**, state and declare as follows:

1. I am an attorney duly admitted to practice before this Court, and represented **Carla Jo Baker** ("Debtor") during the course of negotiating the foregoing Reaffirmation Agreement and Adequate Protection Agreement ("Agreement").
2. The foregoing Agreement represents a fully informed and voluntary agreement by the Debtor.
3. The foregoing Agreement does not impose an undue hardship on Debtor or any dependent of Debtor.
4. I have fully advised the Debtor of the legal effect and consequences of entering into the Agreement and of any default under the Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13 day of Oct, 20 04 at __________, __________.

[signature]

Attorney for **Carla Jo Baker**

# SIMPLE FINANCE CHARGE

Dealer Number ______________ Contract Number ______________

| Buyer (and Co-Buyer) Name, Address (Including County and Zip Code), and Phone | Creditor - Seller (Name, Address, and Phone) |
|---|---|
| [illegible]<br>3502 SPRING BRANCH [illegible]<br>[illegible], TX 77520<br>(281)383 [illegible] | BAYTOWN HONDA<br>4141 I-10 EAST<br>BAYTOWN, TX<br>77521 |

The Buyer (and Co-Buyer, if any) is referred to as "you" or "your." The Creditor-Seller is referred to as "we" or "us." The Seller may transfer this contract.

**PROMISE TO PAY:** You may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay us the Amount Financed, Finance Charge, and other charges in this contract. You agree to make payments according to the Payment Schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

## MOTOR VEHICLE IDENTIFICATION

| New/Used/ Demo | Stock Number | Year | Make | Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|---|---|
| NEW | 2287 | 2004 | HONDA | CIVIC | 12 | 1HGEM22114L060533 | ☐ personal, family or household<br>☐ business or commercial<br>☐ agricultural |

You have thoroughly inspected, accepted, and approved the vehicle in all respects.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $ 1000.00 is |
| 2.90 % | $ 1341.06 | $ 18778.94 | $ 20220.00 | $ 21220.00 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 337.00 | Monthly beginning 05/25/2004 |

Or As Follows:

**Late Charge:** If we do not receive your entire payment within 15 days after it is due, you will pay a late charge equal to 5% of the scheduled payment.

**Prepayment.** If you pay all that you owe early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information about nonpayment, default, security interests, and any required repayment in full before the scheduled date.

### ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including any accessories, services, and the following charges)

$ [illegible] for sales tax

$ N/A for ______

$ N/A for ______

$ N/A for ______ $ 19325.00 (1)

2 Total Downpayment = Trade-in [illegible] [illegible] CR-V [illegible]

(Year) (Make) (Model) (VIN) (License No.)

Gross Trade-In Allowance $ 12100.00

Less Pay Off Made By Seller $ 12100.00

Equals Net Trade In $ N/A

+ Cash $ 1000.00

+ Mfrs. Rebate $ N/A

+ Other (describe) ______ $ N/A

(If total downpayment is negative, enter "0" and see 4.A below) $ [illegible] (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ [illegible] (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A Prior Credit or Lease Balance to N/A $ N/A

B Cost of Optional Credit Insurance Paid to the Insurance Company or Companies.

Life $ N/A

Disability $ N/A $ N/A

**PROPERTY INSURANCE. You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas.** You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of loss. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the insurance companies will describe the terms, conditions, and deductibles.

**Check the insurance you want and sign below:**

## Optional Credit Life and Credit Disability Insurance

*Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process. If you choose this insurance, the cost is shown in Item 4B of the Itemization of Amount Financed.*

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium and Term:

Credit Life $ N/A N/A Term

Credit Disability $ N/A N/A Term

Insurance Company Name N/A

Home Office Address N/A

Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term of insurance is shown.

☐ If this box is checked, the premium for the insurance coverage(s) included above is not fixed or approved by the Texas Insurance Commissioner.

**I want the optional credit insurance coverages for which premiums are included above.**

X N/A ______ Buyer's signature Date

X N/A ______ Co-Buyer's signature Date

K Deputy Service Fee Paid to Seller $ N/A

L Documentary Fee (Cargo Documental) $

A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATING TO THE CLOSING OF A SALE. A DOCUMENTARY FEE MAY NOT EXCEED $50 FOR A MOTOR VEHICLE CONTRACT OR A REASONABLE AMOUNT AGREED TO BY THE PARTIES FOR A HEAVY COMMERCIAL VEHICLE CONTRACT. THIS NOTICE IS REQUIRED BY LAW.

UN CARGO DOCUMENTAL NO ES UN CARGO OFICIAL. LA LEY NO EXIGE QUE SE IMPONGA UN CARGO DOCUMENTAL, PERO ÉSTE PODRÍA COBRARSE A LOS COMPRADORES POR EL MANEJO DE LA DOCUMENTACIÓN Y LA PRESTACIÓN DE SERVICIOS EN RELACIÓN CON EL CIERRE DE UNA VENTA. UN CARGO DOCUMENTAL NO PUEDE EXCEDER DE $50 PARA UN CONTRATO DE VEHICULO AUTOMOTOR O UNA CANTIDAD RAZONABLE ACORDADA POR LAS PARTES PARA UN CONTRATO DE VEHICULO COMERCIAL PESADO. ESTA NOTIFICACIÓN SE EXIGE POR LEY.

M Other Charges (Seller must identify who is paid and describe purpose.) N/A N/A $ N/A

| | | | | |
|---|---|---|---|---|
| to | N/A | for | N/A | $ N/A |
| to | N/A | for | N/A | $ N/A |
| to | N/A | for | N/A | $ N/A |
| to | N/A | for | N/A | $ N/A |
| to | N/A | for | N/A | $ N/A |
| to | | for | | $ |

Total Other Charges and Amounts Paid to Others on Your Behalf $ 453.54 (4)

5 Amount Financed (3 + 4) $ 16778.94 (5)

Taxes (other than Dealer's Inventory Tax), title fee, license fee, and any state inspection fee (except for $5.00 of each such inspection fee that will be retained by Seller) will be paid by Seller to government agencies. Any documentary fee and deputy service fee will be retained by Seller and Seller may also retain parts of the insurance, service contracts, and other charges.

above is marked, that premium is not fixed or approved by the Texas Insurance Commissioner.

*If the vehicle is determined to be a total loss, GAP insurance will pay us the difference between the proceeds of your basic collision policy and the amount you owe on the vehicle, minus your deductible. You can cancel that insurance without charge for 10 days from the date of this contract.

Insurance Company Name: ______

Home Office Address: ______

**I want the optional coverages for which premiums are included above.**

X [signature] 05/15/2[illegible]
Buyer's signature Date

X ______
Co-Buyer's signature Date

**THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

**OPTION:** ☐ You pay no finance charge if the amount financed, item 5, is paid in full on or before ______, Year ____. SELLERS INITIALS ______

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

**To contact** [illegible] **about this account call ______. This contract is subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Texas 78705-4207; (800) 538-1579; (512) 936-7600, and can be contacted relative to any inquiries or complaints.**

**The Annual Percentage Rate may be negotiable with the Seller.**

**HOW THIS CONTRACT CAN BE CHANGED.** Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer X [signature] Co-Buyer X N/A

**See back for other important agreements.**

**Notice to the buyer--Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to a copy of the contract you sign. Under the law you have the right to pay off in advance all that you owe and under certain conditions may save a portion of the finance charge. Keep this contract to protect your legal rights.**

YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT BEFORE SIGNING BELOW.

Buyer Signs X [signature] Date [illegible] Co-Buyer Signs X N/A Date ______

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X ______ Address ______

Seller signs ______ Date ______ By X [signature] Title Controller

THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.

Seller assigns its interest in this contract to American Honda Finance (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☒ Assigned without recourse ☐ Assigned with limited recourse

Seller Baytown Honda By [signature] Title Controller

LAW FORM NO. 553-TX 3/04 U.S. PATENT NO. D460,782
©2004 Reynolds and Reynolds TO ORDER www.reysource.com, 1-800-344-0996, fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL

ORIGINAL LIENHOLDER

1. **FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We figure the Finance Charge using the true daily earnings method as defined by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.

b. **How we will apply your payments.** We will apply your payments in the following order:

1. earned but unpaid finance charge, and late charges; and
2. to anything else you owe under this contract.

c. **How late or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge. If that happens, your last payment will be more than your final scheduled payment, or at our option, you will have to pay more payments of the same amount as your scheduled payment with a smaller last payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Interest after maturity.** If you don't pay all you owe when the final payment becomes due, or you do not pay all you owe if we demand payment in full under this contract, you will pay an interest charge on the amount that is still unpaid. That interest charge will be the higher rate of 18% per year or the maximum rate allowed by law, if that rate is higher. The interest charge for this amount will begin the day after the final payment becomes due.

f. **Transfer of Rights.** We may transfer this contract to another person. That person will then have all our rights, privileges, and remedies.

2. **YOUR OTHER PROMISES TO US**

a. **Using the vehicle.** You will not sell or transfer the vehicle without our written permission. If you do sell or transfer the vehicle, this will not release you from your obligations under this contract, and we may charge you a transfer of equity fee of $25.00 ($50 for a heavy commercial vehicle). You will promptly tell us in writing if you change your address or the address where you keep the vehicle. We agree you may remove the vehicle from the U.S. for 72 hours or less, if the vehicle will continue to be covered by the insurance this contract requires. Otherwise, you agree not to remove the vehicle from the U.S. without our written permission.

You agree to keep the vehicle free from all liens, and claims except those that secure this contract. You agree to timely pay all taxes, fines, or charges pertaining to the vehicle. You will keep the vehicle in good repair. You will not allow the vehicle to be seized or placed in jeopardy or use it illegally. You must pay all you owe even if the vehicle is lost, damaged or destroyed. If a third party takes a lien or claim against or possession of the vehicle, you agree that we may pay the third party any cost required to free the vehicle from all liens or claims. We may immediately demand that you pay us the amount paid to the third party for the vehicle. If you do not pay this amount, we may repossess the vehicle and add that amount to the amount you owe. If we do not repossess the vehicle, we may still demand that you pay us, but we cannot compute a finance charge on this amount.

b. **Security Interest.** To secure all that you owe on this contract and all your promises in it, you give us a security interest in:

- The vehicle and all accessories, parts or goods installed in it;
- All insurance proceeds and other proceeds received for the vehicle;

Application of credits.
Any credit that reduces your debt will apply to your payments in the reverse order of when they are due, unless we decide to apply it to another part of your debt. The amount of the credit and all finance charge or interest on the credit will be applied to your payments in the reverse order of your payments.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as agreed to in this contract. Acceptance of a late payment does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default) or if we in good faith believe the prospect of payment or performance of this contract is impaired, we may demand that you pay all you owe on this contract at once. You will be in default if:

- You do not pay any amount when due;
- You file bankruptcy, bankruptcy is filed against you, or the vehicle becomes involved in a bankruptcy.
- You allow a judgment to be entered against you or the collateral; or
- You break any of your promises in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charges, any late charges, and any amounts due because you defaulted.

If you default, we may exercise our rights under this contract and our other rights under the law. If we do not enforce our rights every time, we can still enforce them later. We will exercise our rights in a lawful way. You do not have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract, and over all our other acts.

c. **Waiver of rights.** You give up (waive) your common law rights to receive notice of intent to accelerate and notice of acceleration. This means that we do not have to give you notice that we are demanding or intend to demand immediate payment of all you owe.

d. **You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay any reasonable attorney's fee plus any court costs and disbursements, as the law allows.

e. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle, we may store them for you and give you written notice at your last known address on our records within 15 days of the discovering that we have your items. If you do not ask for these items back within 31 days of the day we mail or deliver the notice to you, we may keep the items subject to your rights or dispose of the items as applicable law allows. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle.

f. **How you can get the vehicle back if we take it.** If we take the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. If you do not pay us to get the vehicle back, we can sell it or take other action allowed by law. Your right to redeem ends when we sell the vehicle, enter into a contract for its sale, or accept the vehicle as full or partial satisfaction of the contract.

g. **We will sell the vehicle if you do not get it back.** If you don't pay us to get the vehicle back, we can sell it or take other action allowed by law. We will send you notice at least 10 days before we sell it. We can use the money we get from selling it to pay allowed expenses and to reduce the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left, we will pay it to you unless we must pay it to someone else. If the money from the sale is not enough to pay all you owe, you must pay the rest of what you owe us plus interest. If we take or sell the vehicle, you will give us the certificate of title and any other document required by state law to record transfer of title.

If we hire an attorney who is not our employee to enforce this contract, you will

in the vehicle.

d. **Our right to purchase required insurance if you fail to keep the vehicle insured.** If you fail to provide us reasonable evidence that you have this insurance, we may, if we choose, buy physical damage insurance. We may buy insurance that covers your interest and our interest in the vehicle, or we may buy insurance that covers only our interest. If we buy either type of insurance, you will pay the premium for the insurance and a finance charge at the annual percentage rate shown on the front of this contract. If we obtain collateral protection insurance, we will mail notice to your last known address shown on our records.

e. ***What happens to returned insurance, maintenance, service, or other charges.*** You must use physical damage insurance proceeds to repair the vehicle, unless we agree otherwise in writing. However, if the vehicle is a total loss, you must use the insurance proceeds to pay what you owe. You agree that we can use any proceeds from insurance to repair the vehicle, or we may reduce what you owe under this contract. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. If your insurance on the vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.

If we get a refund on insurance or service contracts, or other contracts included in the cash price, we will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

all other parts stay valid.

5. **LEGAL LIMITATIONS ON OUR RIGHTS**

If we don't enforce our rights every time, we can still enforce them later. We will exercise all of our rights in a lawful way. You don't have to pay finance charge or other amounts that are more than the law allows. This provision prevails over all other parts of this contract and over all our other acts.

6. **WARRANTIES SELLER DISCLAIMS**

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

**This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.**

7. **USED VEHICLES ONLY**

**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

8. **ASSIGNMENT**

We may assign this contract. If we do, we may keep or be paid a part of the Finance Charge.

9. **APPLICABLE LAW**

Federal and Texas law apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

This NOTICE applies to this contract only if the vehicle financed in this contract was purchased for personal, family, or household use.

**Form No. 553-TX 3/04**

# TEXAS CERTIFICATE OF TITLE

VOID

VEHICLE TITLES AND REGISTRATION DIVISION

61358180

27740115

VEHICLE IDENTIFICATION NUMBER: 1HGEM22114L060533

YEAR MODEL: 2004

MAKE OF VEHICLE: HOND

BODY STYLE: CP

TITLE/DOCUMENT NUMBER: 10130638144144808

DATE TITLE ISSUED: 06/21/2004

MODEL: CVP

MFG. CAPACITY IN TONS:

WEIGHT: 2600

LICENSE NUMBER: Y94HCH

ODOMETER READING: 12

PREVIOUS OWNER: BAYTOWN HONDA BAYTOWN TX

REMARK(S): ACTUAL MILEAGE

OWNER:
CARLA BAKER
1502 SPRING BRANCH DR
BAYTOWN TX 77520

SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 05/15/2004

1ST LIENHOLDER:
AMERICAN HONDA FINANCE
3625 W ROYAL LN #100
IRVING TX, TX 75063

1ST LIEN RELEASED ______ DATE ______

BY ______ AUTHORIZED AGENT

DATE OF LIEN ______ 2ND LIENHOLDER ______

2ND LIEN RELEASED ______ DATE ______

BY ______ AUTHORIZED AGENT

DATE OF LIEN ______ 3RD LIENHOLDER ______

3RD LIEN RELEASED ______ DATE ______

BY ______ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT

WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE ______ DATE ______

SIGNATURE ______ DATE ______

SIGNATURE ______ DATE ______

DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

FORM 30-C REV. 5/2002